IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JTH TAX, INC. d/b/a LIBERTY TAX SERVICE,**

    **Plaintiff,**

    v.                                        CIVIL ACTION NO. 2:06cv76

**ANNIE SMITH,**

    **Defendant.**

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on JTH Tax, Inc. d/b/a Liberty Tax Service's ("Plaintiff") Motion for Default Judgment. The Court conducted a hearing on Plaintiff's Motion for Default Judgment on June 22, 2006. For the reasons set forth below, as well as the reasons stated in the record, Plaintiff's Motion for Default Judgment is **GRANTED**.

**I. Factual and Procedural History**

On November 16, 2004, Annie Smith ("Defendant") purchased a Liberty Tax Service Franchise. Defendant's franchise rights gave her the right to operate a Liberty office using Liberty's proprietary trademarks and methods in Hammond, Indiana. On July 20, 2005, Plaintiff sent Defendant a Notice to Cure advising her that she was more than 30 days past due in the amount of $18,373.31. Defendant failed to make payment. On November 30, 2005, Plaintiff sent a letter to Defendant informing her that her franchise rights had been terminated for her failure to cure the breach in the July 20, 2005 letter. Since termination, Defendant has not surrendered her client files, telephone number, Liberty trademarks, and the Liberty Operation Manual. Defendant changed the name of her company to AB Smith and still operates a full

accounting company out of the same location.

On February 13, 2006, Plaintiff filed the instant complaint arguing trademark infringement and breach of a franchise agreement. Additionally, Plaintiff filed a Motion for Preliminary Injunction on February 13, 2006. Defendant failed to respond to either the Complaint or the Motion for Preliminary Injunction. On March 31, 2006, Plaintiff filed a Motion for Default Judgment. Defendant failed to respond to the Motion for Default Judgment. On April 6, 2006, an entry of default was entered as to Annie Smith. On May 8, 2006, Defendant filed a Response to the Motion for Default Judgment.[1] On May 30, 2006, Plaintiff filed a Reply to Defendant's response.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for the entry of a default judgment when a party has "failed to plead or otherwise defend" their case. Fed. R. Civ. P. 55(a). The Court may conduct a hearing if necessary to "take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." Fed. R. Civ. P. 55(b)(2). A party requesting default judgment must also make a showing of the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2). Default judgments are to

---

[1] Defendant's Response consisted of a letter written by Defendant, copies of the case file, medical files, and a power of attorney form. The Clerk's Office filed the Response subject to defect for the lack of certificate of service and missing the filing deadline. Defendant is *pro se* in this matter. Accordingly, the Court **ORDERS** Defendant's Response filed without conditions.

be sparingly granted, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See e.g.*, *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). Entry of default judgment is committed to the sound discretion of the Court and shall be reviewed only for abuse of discretion. The Court may also set aside entry of default for good cause shown pursuant to either Rule 55(c) or 60(b).

### III.  DISCUSSION

**A. Defendant's Failure to Respond**

Plaintiff argues that a judgment in its favor should be granted because Defendant has failed to respond. Plaintiff filed a complaint against Defendant on February 13, 2006. The Federal Rules of Civil Procedure require that a defendant serve an answer within 20 days of being served with the summons and complaint. Fed. R. Civ. P. 12(1)(A). Defendant has not complied with this rule. A default judgment is appropriate in such a circumstance. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894 (4th Cir. 1987) (upholding default judgment when defendant lost summons and complaint and did not answer within the prescribed period). "Once a party defaults, the issue of whether to grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court." *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 741 (E.D. Va. 1977) (citing *Kocenko v. Buskirk*, 56 F.R.D. 14 (E.D. Pa. 1972)).

Generally, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. Pro. 55; *Music City Music v. Alfa Foods, Ltd.* 616 F. Supp. 1001 (E.D. Va. 1985). A court may, however, consider other factors such as the prejudice to the plaintiff and the merits and sufficiency of the complaint. Defendant has completely failed

to defend the case, as well as the motion for default judgment. On May 8, 2006, Defendant submitted a letter to the Court that did not specifically address the issues presented in the Complaint or the Motion for Default Judgment. In this letter, Defendant seeks to explain why she has failed to make payments to Plaintiff and why she cannot vacate the premises used for her Liberty business. However, Defendant does not provide any evidence that contradicts Plaintiff's complaint for trademark infringement. Additionally, during the hearing, Defendant was unable to provide any evidence or defense. The Court finds no meritorious reason not to grant Plaintiff's motion for default judgment. Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED**.

**B. Damages on Entry of Default Judgment**

If the court determines that Defendant is in default, a court may examine a plaintiff's complaint to determine whether it alleges a cause of action. In making that determination it must assume that all well pleaded factual allegations, except those relating to amount of damages, are true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978). If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable , the judgment can be entered for that amount without further hearing. However, if the sum is uncertain or not capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary. *Eisler v. Stritzler*, 535 F.2d 148, (1st Cir. 1976) (it was incumbent on plaintiffs to establish extent of damages resulting from defendants' violations); *Anderson v. Foundation for Advancement, Educ. and Employment of American Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (In some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings

without holding a hearing.).  A defendant that contests the amount of damages claimed by plaintiff is entitled to a trial on the issue.

Plaintiff's complaint alleges that Defendant has violated trademark infringement law under Title 15, United States Code, Sections 1114, *et seq.*, by continuing to use the Liberty trademarks after termination of her licensing agreement.  (Compl. at ¶¶ 3.)  To prevail on its claim for infringement of trademarks, under 15 U.S.C. § 1114, Plaintiff must only prove that Defendant's use in commerce of a registered trademark is likely to cause confusion, mistake, or to deceive.  15 U.S.C. § 1114(1)(a).  Plaintiff's complaint includes all of these elements.  Plaintiff has provided several declaration and exhibits clearly describing Defendant's continued use of the Liberty trademarks.  Plaintiff has included the declaration of Raymond Myszak, a private investigator, and pictures to show that Defendant still displays a Liberty banner and uses the same location and phone number.  (Decl. of Raymond Myszak.).

The Court must next consider the amount of damages to award Plaintiffs.  In all circumstances, "a default judgment may not exceed in amount that prayed for in the demand for judgment." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) (quoting 46 Am. Jur.2d *Judgments* § 312 (1994)); *Compton v. Alton S.S. Co.*, 608 F.2d 96, 104 (4th Cir. 1979).  Plaintiff asserts that they are entitled to liquidated damages as well as permanent injunction to prevent Defendant from infringing Plaintiffs' rights under state or federal law.  Plaintiff alleges that Defendant owes Liberty liquidated debts for unpaid royalties in the amount of $18,373.31.  Plaintiff has provided a list of monthly invoices for the royalty payments Defendant has failed to pay.  The invoice is dated November 30, 2005 and totals $18,373.31.  (Motion for Default Judgment, Exh. 2.)  Plaintiff has also included the individual monthly

invoices detailing the specific charges. (Decl. of Jan Gundran at 2-6.) These documents establish Plaintiff's entitlement to $18,373.31 for unpaid royalties.

Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED** and Plaintiff is awarded judgment in the amount of $18,373.30, plus reasonable costs and attorneys fees. Plaintiff shall file with the Court its statement of reasonable costs and attorney fees within ten (10) days of the date of this Order. A permanent injunction shall be issued in a separate Order. This case is **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED**.

/ s /
RAYMOND A. JACKSON
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 23, 2006